IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FEDERAL TRADE COMMISSION**

        Plaintiff,

v.

**LOCKHEED MARTIN CORPORATION,** and **AEROJET ROCKETDYNE HOLDINGS, INC.**
        Defendants.

Civil Action No._____-cv-_____

### PLAINTIFF FEDERAL TRADE COMMISSION'S UNOPPOSED MOTION TO FILE COMPLAINT UNDER SEAL

Plaintiff Federal Trade Commission (the "Commission") respectfully moves the Court for entry of an order, pursuant to Rule 5.2 of the Federal Rules of Civil Procedure and Local Civil Rule 5.l(h), directing the Clerk of Court to file the Complaint under seal until further order. The parties will meet and confer, and the Commission will file a public version of its Complaint redacting information that has been designated confidential by Defendants and third parties.

The filing of the Complaint and the Commission's need for injunctive relief are time sensitive and, therefore, counsel for the Commission respectfully asks that the Court rule on this motion as quickly as possible.

Plaintiff's Complaint seeks a preliminary injunction to enjoin Defendant Lockheed Martin Corporation from acquiring the assets of Defendant Aerojet Rocketdyne Holdings, Inc., until the Commission completes an administrative proceeding to determine whether the

proposed acquisition would violate Section 7 of the Clayton Act, 15 U.S.C. § 18, and Section 5 of the FTC Act, 15 U.S.C. § 45. Defendants Lockheed Martin Corporation and Aerojet RocketDyne Holdings, Inc., as well as third parties have designated certain information confidential during the Commission's investigation of the proposed acquisition, undertaken pursuant to the FTC Act, 15 U.S.C. §§ 41-58. *See, e.g.,* Compl. ¶¶ 4, 11, 22, 46, 56-57, 57-58, & 68.

The filing of these papers under seal is proper under *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980), which controls decisions within this Circuit on whether to seal or redact court records. The confidential business information contained in the Complaint was provided to the Commission pursuant to statutory and regulatory guarantees of confidentiality contained in the Hart-Scott-Rodino Act or the FTC Act. *See* 15 U.S.C. §§ 18a(h), 46(f), 57b-2(b), 57b-2(c), 6 C.F.R. § 4.10(d)-(g). At least four of the factors identified in *Hubbard* support the temporary sealing of the Complaint: counsel for the Commission is unaware of any prior public access to the relevant information; Defendants and third parties have sought confidential treatment of the relevant information; Defendants and third parties have a strong property and privacy interest in avoiding the disclosure of information relevant to current competitive strategies; and Defendants and third parties face a strong possibility of prejudice in the event that competitively sensitive information is publicly disclosed. *See Primas v. District of Columbia*, 719 F.3d 693, 698-99 (D.C. Cir. 2013) (identifying six *Hubbard* factors relevant to motions to seal, including "the extent of previous public access to the documents;" "the fact that someone has objected to disclosure, and the identity of that person;" "the strength of any property and privacy interests asserted;" and "the possibility of prejudice to those opposing disclosure"); *United States v. Aetna Inc.*, No. 16-cv-1494, 2016 WL 8739257, at *4 (D.D.C. Dec. 4, 2016) (recommending grant of defendants' motion to seal confidential business information in a proceeding brought to

challenge a merger under the antitrust laws). In accordance with Local Rule 7(m), counsel for the Commission discussed this motion with opposing counsel. Defendants do not oppose this motion.

***

Given the nature of the confidential and competitively sensitive information contained in the Complaint, Plaintiff respectfully requests the Court issue an Order directing the Clerk of the Court to file the Complaint under seal, until further order.

A proposed order is attached.

Dated: January 25, 2022

Respectfully submitted,

*[signature]*

Jonathan Lasken, Esq.
(D.C. Bar 97251)
Senior Trial Counsel
Federal Trade Commission
600 Pennsylvania Avenue,
N.W. Washington, DC 20580
Telephone: (202) 326-2064
Email: jlasken@ftc.gov

*Attorney for Plaintiff*
*Federal Trade Commission*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 25th day of January 2022, I served the foregoing on the following counsel via electronic mail:

Charles Loughlin
Hogan Lovells US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, D.C. 20004
(202) 637-5661
chuck.loughlin@hoganlovells.com

Jon Dubrow
McDermott Will & Emery LLP
500 North Capitol St, NW
Washington, DC 20001
(202) 756-8122
jdubrow@mwe.com

*Counsel for Lockheed Martin Corporation*

Eric Mahr
Freshfields Bruckhaus Deringer US LLP
700 13th St., NW
Washington, DC 20005
(202) 777-4545
Eric.Mahr@freshfields.com

Meghan Rissmiller
Freshfields Bruckhaus Deringer US LLP
700 13th St., NW
Washington, DC 20005
(202) 777-4514
Meghan.Rissmiller@freshfields.com

*Counsel for Aerojet Rocketdyne Holdings, Inc.*

Jonathan Lasken, Esq.
*Attorney for Plaintiff Federal Trade Commission*

4